HIRAM FINDLEY, PLAINTIFF IN ERROR, V. BENJAMIN BOWERS AND OTHERS, DEFENDANTS IN ERROR.

1. **Practice:** JUDGMENT: JOURNAL ENTRY. It is within the province of the district court to pronounce such judgment in an action before it as it sees fit, and the approved journal entry thereof is indisputable evidence of what that judgment was.

2. ———: ———: ———. On a motion to confirm a sale of mortgaged premises under a decree formally journalized, it was objected, in substance, that such entry differed materially from the judgment actually pronounced, but the sale was confirmed notwithstanding the objection. *Held*, That by the confirmation the court in effect decided that the journal was correct, and that such decision was not subject to review by the supreme court, although the decree itself would be.

ERROR to the district court for Richardson county. The facts are as follows:

In 1875 Benjamin Bowers commenced an action to foreclose a mortgage made by one Horner to him. Findley had purchased the land from Horner, and he, with Horner, and Liebengood, who held a prior mortgage lien upon the premises, were made defendants. Liebengood had previously obtained a decree on his mortgage (which he held by assignment from Cochran and Taylor), and Horner, the mortgagor, had taken a stay therein for the period allowed by the statute. The records show, under date of March 31, 1877, a receipt from said Liebengood to Horner in full payment of this decree.   In the Bowers foreclosure a decree was rendered June 26, 1877, which found plaintiff's mortgage to be the first lien on the premises, and July 12, 1877, the defendant took a stay of order of sale.   After the expiration of the stay an order of sale was issued.   Findley enjoined the sale, and the injunction being dissolved, he filed a motion for a *nunc pro tunc* order correcting the decree. This motion was sustained, and the decree changed so as to declare the Liebengood mortgage a first lien, and the Bowers mortgage a second lien, and ordering the premises sold, and barring the equity of redemption of the defendants, etc., " saving and excepting any interest attaching by reason of a purchase under the decree of said Liebengood as assignee aforesaid." A sale of the premises having been had under the order, Findley filed exceptions thereto, which were overruled by WEAVER, J., the sale was confirmed, and to reverse the order of confirmation, he brought the cause to this court by petition in error.

*Isham Reavis* and *E. W. Thomas*, for plaintiff in error.

The change in the amended decree was entirely wrong, unauthorized by law, and must seriously have

affected the bidding at the sale. The journal is that the " equity of redemption of the defendants, etc., shall be foreclosed and forever barred, *saving* and *excepting* any interest attaching by reason of· a purchase under the decree of said Liebengood as such assignee as aforesaid in or to the said real estate;., and said premises shall be sold," etc. Now, we ask, when did the court order the saving and excepting above mentioned? The exception was an interpolation of the clerk or an attorney, put in without the slightest authority. We presume it will not be claimed that, when the court makes an order *nunc pro tunc* merely to correct a former entry, it has a right to *change* or *modify* the decree which was actually made. But, whether such right exist or not, it is clear that in the case at bar the court declared the *nunc pro tunc* order was made merely to make the journal entry of the decree correspond with the findings of the court as shown in the trial docket. The court certainly did not intend to change or modify the decree which had actually been made, and if it had attempted to do so, its act would have been erroneous. The district court certainly had authority to make the *nunc pro tunc* order, and that order was founded only on the judge's entries. It appears from the order itself that it was not founded upon any other proof of what was done at a previous term. *Heirs of Ludlow v. Johnson*, 3 Ohio, 553. Freeman on Judgments, §§ 56, 68.

*Clarence Gillespie* and *A. R. Scott* for defendant in error.

The objections to the confirmation do not specifically or in any other way complain of the sale, but only of the decree. *Johnson v. Bemis*, 7 Neb., 225. If land is properly appraised and sold Findley is not

injured. This court has no power to review the sale. Gen. Stat., 546, § 145.

LAKE, J.

The question for decision in this case is whether the sale of the mortgaged premises by the sheriff ought to have been confirmed, notwithstanding the objections made by the plaintiff in error. These objections may be summarized as follows:

*First.* That the pretended decree, under which the order of sale was issued and the sale made, " was not made or authorized by the court, but the said pretended decree was placed upon the records of this court without authority, and fraudulently, and has not yet been ratified or approved by the court, or signed by the judge thereof."

*Second.* " The said pretended decree has been materially changed and varied from that which was rendered and ordered by the court." And that " the said sale was made under the said pretended and fraudulently changed decree."

*Third.* That " this defendant has paid to Liebengood the full amount of the decree owned by him " (a decree previously entered in the same court on a prior mortgage, and recognized in the decree in this case as a paramount lien), " and the defendant is now the assignee and owner of the same."

Such being the substance of the objections to the confirmation, it is seen that no fault whatever is found with the steps taken by the sheriff in making the sale, and we must presume, therefore, that they were regular. The issue really was as to whether the journal entry spoke the truth.

While it was eminently proper, if there were any reasonable ground for believing that the journal had

been thus falsified, to bring the matter to the notice of the distinct court as was here done, we must nevertheless hold that the decision of that court on the question is conclusive upon all the parties. It was within the province of the court to pronounce such judgment as it saw fit, and the approved journal entry thereof is indisputable evidence of what that judgment was. By these objections it was in effect alleged that the journal entry was false; but the answer of the judge, in confirming the sale, with the entry in question before him, was, that it spoke the truth. And this answer is not subject to review here, although the decree itself is.

As to the distribution of the proceeds of the sale, and the rights of the plaintiff in error therein, as a preferred claimant, which were discussed some what at the bar, no question is raised in this record, as it does not appear that any action by the district court has been either taken or requested thereon. If the plaintiff deems himself entitled to any of the money realized from the sale of the property, he should first bring his claim to the attention of that court by proper motion.

JUDGMENT AFFIRMED.